## WOODCOCK *versus* PARKER.

Courts, have control over their own records of a suit until final judgment be rendered.

A Court, in its discretion, may bring forward, from a previous term, any un-completed action, and alter the docket entry pertaining to it, as justice may require.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

The case came up from the District Court on exceptions by the defendants, and was submitted to the Court for a decision, under admission by the parties, that the facts were as stated in the exceptions.

*Hutchinson*, for the plaintiff.

*Stewart*, for the defendant.

HATHAWAY, J. — In this action, the Court having ordered that the writ should be filed by the middle of the vacation, and at the next term having been informed, that the order had not been obeyed, on the defendant's motion directed a nonsuit.

At the next succeeding term, on affidavit of the plaintiff's attorney, that the writ had been sent to the clerk to be filed as ordered, and the writ being found on file, the action was brought forward, by order of Court, and the nonsuit taken off; and to this order of the Court exceptions were taken by the defendant.

Final judgment had not been entered on the nonsuit.

Every Court of record has power over its own records and proceedings, as long as they remain incomplete, and until final judgment has been rendered, and until that time it is the established practice in such Courts to regard all actions, whether on the docket of the existing or a former term as within the jurisdiction and control of the Court. *Lothrop* v. *Page*, 26 Maine, 119.

The order by virtue of which the action was brought forward and an improvident entry corrected, was entirely proper, and a default must be entered as agreed by the parties.

SHEPLEY, C. J. and WELLS, HOWARD and RICE, J. J., concurred.